# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 85 | **DATE** | 10/27/2011 |
| **CASE TITLE** | Yasser Assaf vs. Cottrell, Inc. et al. | | |

**DOCKET ENTRY TEXT**

The court previously denied [90] Cottrell, Inc.'s Motion to Dismiss Plaintiff's Complaint for Fraud on the Court [75] before the submission of Defendant's reply. After reconsidering with the benefit of Cottrell, Inc.'s Reply in Support of Motion to Dismiss for Fraud on the Court [93], Cottrell, Inc.'s Motion to Dismiss Plaintiff's Complaint for Fraud on the Court [75] is, for the reasons stated in the Statement section of the order, once again denied. A status hearing is set for 12/20/11 at 9:00 am. The parties are once again encouraged to consider settlement.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant Cottrell, Inc. seeks dismissal of plaintiff Yasser Assaf's complaint because of the inconsistent statements under oath in Assaf's Supplemental Answers to Defendant's Cottrell, Inc.'s Interrogatories (Dkt. No. 75, Ex. D) and in his answer to defense counsel's deposition questions (Dkt. No. 75, Ex. A). Specifically, in the interrogatory answers, Assaf stated that "[i]mmediately prior to the accident I drove a vehicle to the upper deck of a Cottrell trailer. I stepped out of the vehicle and fell." Supplemental Answers to Defendant's Cottrell, Inc.'s Interrogatories (Dkt. No. 75, Ex. D) ¶ 2. By contrast, in his deposition, Assaf explained that the vehicle was already mistakenly on the trailer, and that the accident occurred when he climbed onto the trailer to enter the car and drive it off. Assaf Dep. (Dkt. No. 75, Ex. D) 92-94. Defendant points out that the inconsistencies are exacerbated by evidence from the notes of plaintiff's expert witness and the testimony of Assaf's coworker, both of which have further inconsistencies with Assaf's deposition testimony.

Perjury is "'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008) (citation omitted). The court finds that in this case, merely pointing out the inconsistency in Assaf's statements is insufficient to show a willful intent to provide false testimony. "There is a marked difference between a witness who knowingly lies about a material matter and a witness who is impeached with a prior inconsistent account of a sudden and chaotic event that happened years ago. The former is almost always perjury; the latter may be the product of confusion, mistake, or faulty memory." *Montano v. City of Chicago*, 535 F.3d 558, 566 (7th Cir. 2008). Given the circumstances here—the generality of Assaf's interrogatory answers, the imprecision and ambiguity of the expert's notes, and the nearly two years between the incident and plaintiff's testimony about it—the court defines to infer that Assaf had a willful intent to commit perjury.

## STATEMENT

To be sure, Assaf's various statements indicate that both Assaf and his lawyers have failed to exercise due care in preparing this case for trial. Moreover, the inconsistent statements will provide the defendants ample ammunition for cross-examination at trial, should the case progress so far. But they do not amount to perjury, at least without some further evidence that Assaf willfully lied. Cottrell, Inc.'s Motion to Dismiss Plaintiff's Complaint for Fraud on the Court (Dkt. No. 75) is denied.

*James F. Holderman*