IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASSER ASSAF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 10 C 85 |
| COTTRELL, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On September 19, 2012, this court denied defendant Cottrell, Inc.'s motion for summary judgment on plaintiff Yasser Assaf's negligent-product-design claim. (Dkt. No. 166.) Cottrell has now moved under Fed. R. Civ. P. 60(b) to alter that denial, arguing that the court should dismiss that claim (the only claim remaining in this case) in light of the Seventh Circuit's November 2012 citation to the Illinois Supreme Court's opinion in *Jablonski v. Ford*, 955 N.E.2d 1138 (Ill. 2011), confirming that a plaintiff must satisfy the risk-utility test to succeed in a negligent-product-design case. *Ruppell v. CBS Corp.*, 701 F.3d 1176, 1183 (7th Cir. 2012).

This court's summary judgment ruling held that Assaf failed to present sufficient evidence to create a genuine dispute as to whether he satisfied the risk-utility test. (*See* Dkt. No. 166, at 3-4.) As a result, the court granted Cottrell summary judgment on Assaf's strict liability claim, because Illinois law plainly required the use of the risk-utility test to prevail on a strict liability claim in the circumstances of this case. (*See id.*) At that time, Cottrell did not cite the *Jablonski* case and did not argue that the negligent-product-design claim also required satisfying the risk-utility test. The court therefore held that Cottrell waived that point with respect to the negligent-product-design

claim, and the court denied Cottrell's summary judgment motion with respect to that claim. (*Id.* at 4 ("Without any briefing from the parties on whether the negligence . . . claim[] require[s] Assaf to prove a product defect, the court declines to grant summary judgment to Cottrell on th[at] claim[].").)

The court declined to conclude *sua sponte* that the negligent-product-design claim required the use of the risk-utility test because the Illinois Supreme Court's opinions left some ambiguity on the question. Specifically, before *Jablonski*, the Illinois Supreme Court had suggested that the risk-utility test was not applicable in negligent-product-design cases. *See, e.g.*, *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263 (Ill. 2007) (surveying the Illinois Supreme Court's earlier statements on the question but concluding that "the conclusion that the risk-utility test is not applicable in negligent-product-design cases is not binding precedent").

In *Jablonski*, the Illinois Supreme Court rejected the conclusion that the risk-utility test is not applicable in negligent-product-design cases, but left open a possible basis for arguing that a negligence claim can prevail without applying the risk-utility test. *See Jablonski*, 955 N.E.2d at 1154. Specifically, the Illinois Supreme Court held that "risk-utility balancing *remains operative* in determining whether a defendant's conduct is reasonable in a negligent-design case" and that the risk utility test is "*essentially* identical to the test applied in determining" negligence. *Id.* at 1154-55 (emphasis added). Those statements establish that the risk-utility test is one way to prevail in a negligent-product-design case, but do not state explicitly that satisfying the risk-utility test is *necessary* to succeed in a negligent-product-design case. In light of the ambiguity remaining in

*Jablonski*, the court concluded that Cottrell waived the argument that the negligent-product-design claim requires satisfying the risk-utility test by failing to assert that argument in its briefing.[1]

Cottrell argues that *Ruppell* "clarified" Illinois law by stating that

> "A product liability action . . . is based upon fundamental concepts of common law negligence," which require the plaintiff to show "the manufacturer knew or should have known of the risk posed by the product design at the time of manufacture of the product" and that "the risk of harm outweighs the utility of a particular design."

*Ruppell v. CBS Corp.*, 701 F.3d 1176, 1183 (7th Cir. 2012) (quoting *Jablonski*, 955 N.E.2d at 1153-54). The Seventh Circuit's opinion refutes any possible argument that the risk-utility test is not necessary to a negligent-product-design claim because it states that a negligence claim "require[s]" the risk-utility test.

Nonetheless, Cottrell is not entitled to relief under Rule 60(b). First, the court denied Cottrell's summary judgment motion not because Illinois law was unclear, but because Cottrell waived the argument that negligent products liability actions require the risk-utility test for purposes of summary judgment. The Seventh Circuit's opinion in *Ruppell* does not in any way change the determination that Cottrell waived the argument on summary judgment, and it would be unfair to allow Cottrell a second bite at the apple on summary judgment merely because of an intervening change in the law.

Second, and more significantly, a Rule 60(b) motion is an inappropriate vehicle for asking the court to now grant summary judgment to Cottrell. The only subsection of Rule 60(b) possibly applicable is (6), which provides for amending a judgment for "any other reason that justifies

---

[1] Significantly, Cottrell's briefing did not mention *Jablonski* or present any other argument on the question. (*See* Dkt. Nos. 149, 163.)

relief," a standard that requires "exceptional circumstances." *C.K.S. Engineers v. White Mountain Gypsum*, 726 F.2d 1202, 1204-05 (7th Cir. 1984). A subsequent change in law is generally not an adequate reason for relief. *Norgaard v. DePuy Orthopaedics*, 121 F.3d 1074, 1077 (7th Cir. 1997). In addition, a party's fault—such as Cottrell's waiver here—will preclude a finding of exceptional circumstances. *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 902 F.2d 1275, 1278 (7th Cir. 1990). Thus, the court lacks the authority under Rule 60(b) to grant Cottrell the relief it seeks.

Finally, the court notes that Cottrell has other avenues for relief making a Rule 60(b) motion unnecessary, because it can proceed to trial arguing that Assaf must put on evidence to satisfy the risk-utility test. What Cottrell cannot do is re-litigate the summary judgment motion in an attempt to undo its failure to raise the proper arguments at the proper time. Because Cottrell waived the argument at the summary judgment stage that a negligent-product-design claim requires satisfying the risk-utility test, Assaf is now entitled to proceed to trial with another opportunity to present evidence showing that he satisfies the risk-utility test.

## CONCLUSION

For the reasons explained above, Cottrel's Rule 60(b) motion (Dkt. No. 192) is denied. In light of the Seventh Circuit's opinion in *Ruppell v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012), plaintiff Yasser Assaf must put on sufficient evidence at trial to carry his burden under the risk-utility test. Assaf's failure to put on such evidence will result in the granting of a motion for judgment as a matter of law against him. The parties are again encouraged to discuss settlement, taking into account *Ruppell*'s clarification of the law applicable in this case.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date:   March 28, 2013